THE SIGEL-CAMPION LIVE-STOCK COMMISSION COMPANY
*et al.* v. A. L. McMURPHY.

No. 12,861. ( 71 Pac. 256.)

Error from Reno district court; M. P. SIMPSON, judge.
Opinion filed January 10, 1903. Reversed.

*Prigg & Williams,* for plaintiff in error.
*George A. Vandeveer,* and *Frank L. Martin,* for defend-
ant in error.

*Per Curiam:* This was a controversy over the owner-
ship of money derived from the sale of cattle. The cattle
had been mortgaged by one Haston to the Sigel-Campion
Live-stock Commission Company, a corporation. Mc-
Murphy bought them from Haston in part consideration
for an antecedent debt which the latter owed to the former.
McMurphy claimed that Haston and the commission com-
pany were partners in the cattle; hence, that the former
had authority to sell out from under the mortgage. The
commission company claimed that if there was a partner-
ship in the cattle it was between Haston and one A. J.
Campion, the president of the company. To prove part-
nership between Haston and the company McMurphy
introduced in evidence a large number of letters, some

signed by Campion individually, but most of them signed with the name of the commission company. These letters, unexplained, tended to show a partnership interest in the cattle in the commission company. Campion admitted writing them, but on behalf of his company sought to show they were all his personal letters and that the signature of the company's name to them was by inadvertence and without his knowledge. The court refused to allow him to give the explanatory testimony. This was error.

The claim is also made that if Haston and the commission company were partners, as asserted by McMurphy, the latter could not buy partnership property with an antecedent debt which Haston owed him. On the theory that the commission company was not a partner in the cattle but was a mortgagee of them only, it may be questionable whether this defense is open to the company, but as to that we do not decide; and it may be questionable also whether, admitting the partnership, the sale was not good to the extent of the cash paid, or at least to the extent of the commission company's interest in the cattle, but as to that we do not decide.

The judgment of the court below is reversed and a new trial ordered.